UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO.: 1:13-cv-11409-NMG

_____
CLIFFORD PISANO           )
                Plaintiff,)
                          )   Memorandum In Support of The
v.                        )   Plaintiff's Opposition To The Defendants'
                          )   Motion For Summary Judgment
                          )
TOM AMBROSINO, MICHAEL    )
MURPHY, PAUL CAPPIZI, and )
the CITY OF REVERE,       )
                          )
                Defendants.)
_____)

Background

In sum, the plaintiff, who initiated the instant action pro se, contends that he was fired from his position as a crossing guard by the City of Revere, not for any alleged misconduct, but rather solely due to his activities in seeking to organize the crossing guards into a union. Such an activity is a protected right and the retaliation for the exercise of this right is actionable under 42 U.S.C. § 1983.

Standard of Review

A party is only entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure where there exists no genuine dispute of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). "Summary judgment is appropriate only if the moving party 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law'… 'We consider a dispute genuine if a reasonable jury drawing favorable inferences could resolve it in favor of the nonmoving party'". Ocasio-Hernandez v. Fortuno-

Burset, 777 F.3d 1 (1st Cir. 2015); quoting Velazquez-Perez v. Developers Diversified Realty Corp., 753 F.3d 265 (1st Cir.2014) at 270.

It is also well-settled that the burden to establish that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990); Hoffman v. Reali, 973 F.2d 980 (1st Cir. 1992).

This Court may decide in favor of the moving party "only if the record reveals that there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law." Avery v. Hughes, 661 F.3d 690 (1st Cir. 2011). It is likewise well-established that where a party's true motive in taking any action is act issue, courts must be particularly cautious about granting a party's motion for summary judgment. Soto-Feliciano v. Villa Cofresi, 779 F. 3d 19 (1st Cir. 2015); Hodgens v. General Dynamics Corp., 144 F. 3d 151 (1st Cir. 1998).

In analyzing the "tricky issue of motivation" this Court should employ the criteria set out in McDonnell Douglas Corp. v. Green, 411 U.S. 782 (1973). The McDonnell Douglas framework is a three-step procedure. First, a plaintiff employee must carry the initial burden of coming forward with sufficient evidence to establish a prima facie case of discrimination or retaliation. McDonnell Douglas, 411 U.S. at 802. To meet this burden, the plaintiff must show that "(1) he availed himself of a protected right; (2) he was adversely affected by an employment decision; (3) there is a causal connection" between his protected activity and the employer's decision to terminate him. Hodgens, 144 F.3d at 161. If the plaintiff establishes a prima facie case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the termination. Id. at 160. If the employer can proffer evidence "sufficient to raise a genuine issue of fact as to whether it discriminated against the employee . . . the presumption of discrimination drops from the case, and the plaintiff retains the ultimate burden of showing that

the employer's stated reason for terminating him was in fact a pretext for retaliating against him for having taken the action complained of." <u>Hodgens</u>, 144 F.3d at 160-61 (citing <u>McDonnell Douglas,</u> 411 U.S. at 802, 804).

In the instant case Mr. Pisano begins labor organizing and coincidently begins to have "conduct" problems with his job. He hears remarks that "City Hall is not happy with him". Mr. Pisano is then accused by the Revere police of assaulting an elderly person, but never formally charged. Then at the first opportunity after the union contract is ratified, Mr. Pisano is no longer a crossing guard.

The issue as to the defendants' motivation is a question of fact and is clearly in dispute. Accordingly, the defendants' motion for summary judgment should be denied.

Respectfully Submitted
The Plaintiff,
By His Attorney,


<u>/s/Edward J. McCormick, III</u>
Edward J. McCormick, III
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, MA  02038
(508) 520-0333
BBO #329780

CERTIFICATE OF SERVICE
I, Edward J. McCormick III, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon any party or counsel of record who is not a registered participant of the

Court's ECF system upon notification by the Court of those individuals who will not be served electronically.