United States District Court
District of Massachusetts

```
                                    )
CLIFFORD PISANO,                    )
                                    )
         Plaintiff,                 )
                                    )
         v.                         )    Civil Action No.
                                    )    13-11409-NMG
TOM AMBROSINO, MICHAEL MURPHY,      )
PAUL CAPIZZI and CITY OF REVERE,    )
                                    )
         Defendants.                )
                                    )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves allegations of retaliation against city officials who purportedly decided against reappointing plaintiff to another annual term as a school crossing guard due to his efforts to unionize the crossing guards.

Pending before the Court is defendants' motion for summary judgment. For the reasons that follow, the motion will be allowed, in part, and denied, in part.

**I.   Background and procedural history**

   **A.   Parties**

Plaintiff Clifford Pisano ("Pisano" or "plaintiff") is a resident of Revere, Massachusetts who worked as a crossing guard for the Revere public schools from 1994 to 2010.

Defendant Thomas Ambrosino ("Ambrosino") was the mayor of the City of Revere during the period of the alleged events.  As mayor, Ambrosino was authorized to appoint and to reappoint individuals to work as school crossing guards every school year.

Defendant Michael Murphy ("Murphy") was the Captain of the Revere Police Department during the period of the alleged events.

Defendant Paul Capizzi ("Capizzi") is the city solicitor for the City of Revere.

Defendant City of Revere employed the individual defendants Ambrosino, Murphy and Capizzi during the period of the alleged events.

**B.   The decision not to reappoint plaintiff to a new term**

In June, 2010, Ambrosino decided not to reappoint plaintiff to a new term as a crossing guard for the 2010-2011 academic year.  Plaintiff asserts that Ambrosino made that decision solely on the basis of plaintiff's union-related activities.

Defendants deny that assertion and insist that Ambrosino decided against reappointment based upon plaintiff's disciplinary record which included rules violations, suspensions and a "pattern of poor behavior".  Defendants claim that Ambrosino found plaintiff unsuited to a position that would require him to direct traffic, guide children, interact with the public and follow the directives of the police department.  They

deny that his union-related activities had anything to do with their failure to reappoint.

According to defendants, plaintiff's disciplinary record lists incidents in which Pisano:

1) received a one-day suspension in December, 2008 for insubordination and disrespectful behavior towards his supervisor,

2) was the subject of a formal complaint by a "senior citizen volunteer" in August, 2009 who claimed that plaintiff chastised and assaulted her for wearing a florescent vest while she helped pedestrians cross the street near a farmer's market,

3) failed to report to Captain Murphy's office at the Revere police station in September, 2009 to discuss the formal complaint against him,

4) refused to accept notice from "Sergeant Graf" of a scheduled disciplinary hearing while plaintiff was on duty and "became disrespectful to the sergeant in public",

5) agreed to two 10-day suspensions during a subsequent meeting with Captain Murphy and a union representative from the American Federation of State, County and Municipal Employees ("AFSCME"), as a result of disciplinary charges of a) assaulting a senior citizen, b) failing to report to the police station as ordered and c) refusing to accept service and behaving disrespectfully toward a sergeant,

6) directed vehicle traffic through red lights and confronted drivers, without authority, several times during the 2009-2010 academic year, and

7) unlawfully audio-taped a union membership meeting at the Revere police station despite demands that he not do so.

Plaintiff does not dispute defendants' summary of his disciplinary record other than by general assertions in his

affidavit that 1) defendants charged him with assault without sufficient cause and for the sole purpose of interfering with his employment and unionizing efforts and 2) Ambrosino falsely accused him of unlawful recording the union membership meeting.

### C. Procedural history

Plaintiff initially filed an administrative complaint with the Massachusetts Division of Labor Relations Board in September, 2009 alleging that the Revere School Department retaliated against him for his unionizing activities when they suspended him for one day in 2008 and ten days in 2009. That administrative complaint was dismissed in June, 2010. The Employment Relations Board affirmed the dismissal in February, 2011.

AFSCME filed a grievance on plaintiff's behalf with the American Arbitration Association ("AAA") and represented him at an AAA hearing in January, 2011. The arbitrator dismissed that grievance in March, 2011 upon finding that plaintiff was not a union member of AFSCME at the time the grievance was filed.

Plaintiff sought to vacate the decision of the arbitrator by commencing an action in Massachusetts Superior Court. That case was dismissed in October, 2011 after the court found that plaintiff was not a proper party to the arbitration and thus could not appeal the decision.

In June, 2013, plaintiff commenced the instant action in federal court by filing a complaint, pro se, alleging that defendants unlawfully refused to reappoint him as a crossing guard. He claims that defendants did so in response to his successful efforts in helping the crossing guards to form a union in April, 2010.

The complaint contends that defendants "fired" him in June, 2010 out of retaliation and without providing him a hearing or opportunity to call witnesses in his defense. Plaintiff claims that 1) Murphy falsely charged him with an assault and 2) Ambrosino and Capizzi were aware of and encouraged Murphy's unlawful conduct and supported plaintiff's termination in furtherance of an "outright Conspiracy to violate [his] Procedural and Substantive Due Process Rights". Plaintiff further alleges that Ambrosino falsely accused him of unlawfully recording a union membership meeting at the Revere police station.

The complaint asserts five counts pursuant to

1) 42 U.S.C. § 1983 for violations of plaintiff's First, Fifth and Fourteenth Amendment rights due to defendants' malicious and corrupt failure to reappoint him,

2) 42 U.S.C. § 1985 for defendants' conspiracy to initiate false criminal complaints against him and deprive him of his substantive and procedural due process rights and

3) state law for wrongful termination, intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED").

Defendants jointly moved for summary judgment in May, 2016.

## II. Motion for summary judgment

### A. Legal standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all

reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B.   Application**

   **1.   42 U.S.C. § 1983**

Section 1983 provides a cause of action against persons who violate federal law while acting under color of state law. 42 U.S.C. § 1983. Plaintiff asserts § 1983 claims against the three individual defendants in their official capacities and against the City of Revere.

Municipal officials acting in their official capacities qualify as "persons" subject to suit under § 1983 in cases in which the municipality would be "suable in its own name." Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 690 n.55 (1978)("[O]ur holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name.").

To establish municipal liability for a constitutional violation by a municipal officers, a plaintiff must show that

-7-

1) the harm to him was caused by the constitutional violation, 2) a municipal policy or custom led to that violation and caused the plaintiff's injury and 3) the municipality was "deliberately indifferent" to the affected constitutional right. Young v. City of Providence, 404 F.3d 4, 25-26 (1st Cir. 2005).

Defendants assert, and the Court agrees, that plaintiff has not

> identif[ied] offensive customs or policies of the City or [demonstrated] how these policies or customs caused him injury.

Defs.' Mem. Summ. J. 9, ECF No. 96.  Plaintiff thus cannot establish municipal liability based upon the record before the Court.  Accordingly, the Court will allow summary judgment in favor of defendants on the § 1983 claim.

### 2.   42 U.S.C. § 1985

Section 1985(3) provides a remedy for a conspiracy to violate civil rights if the plaintiff establishes 1) a conspiracy, 2) a conspiratorial purpose to deprive him of the equal protection of the laws, 3) an overt act in furtherance of the conspiracy and 4) an injury to his person or property, or a deprivation of a constitutionally protected right. Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008).

The second requirement of conspiratorial purpose requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus". Id.  The United States Supreme Court has

> rejected the notion that § 1985 protect[s] against discrimination on the basis of union membership . . . [because it] decided that § 1985(3) did not reach conspiracies motivated by economic or commercial animus.

Id. at 108 (citing United Bros. of Carpenters & Joiners v. Scott, 463 U.S. 825, 838 (1983)).

Here, plaintiff claims that defendants conspired to "initiat[e] and maintain[] false criminal complaints against him and [deny] him substantive and procedural due process rights". Plaintiff does not contend that defendants did so with a racially discriminatory motive and he identifies no other "class-based, invidiously discriminatory animus" in his pleadings.

The only "class-based animus" that the Court can discern from plaintiff's submissions is an alleged discriminatory motive based upon his union-related activities. Section 1985(3) does not protect against such a discriminatory motive. See United Bros, 463 U.S. at 838. Accordingly, the Court will allow defendants' motion for summary judgment on the § 1985 claim.

### 3. Wrongful termination

Count 3 of the complaint purports to assert a claim for wrongful termination against all defendants pursuant to Chapters 149, 150 and 151 of the General Laws of Massachusetts.

Because plaintiff alleges that he was "terminated" from his position as a crossing guard solely due to his union-related

activities, his state claim of wrongful termination is governed by the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Wynn & Wynn, P.C. v. Mass. Comm'n Against Discrimination, 431 Mass. 655, 665-67 (2000), overruled on other grounds by Stonehill Coll. v. Mass. Comm'n Against Discrimination, 441 Mass. 549, 562(2004) (distinguishing between discrimination cases involving purportedly illegitimate motives and "mixed motive" cases involving both legitimate and illegitimate motives).

Under the McDonnell Douglas framework, plaintiff must first make a prima facie showing that defendants terminated him based upon discriminatory or retaliatory motives. Id. at 665.  If he succeeds, the burden shifts to his employer to present a legitimate and non-discriminatory reason for the termination, after which plaintiff must prove that the proffered justification was merely a "pretext" for discriminating against him. Id. at 665-666.

In this case, plaintiff does not dispute defendants' contention that neither Murphy nor Capizzi is subject to the wrongful termination claim because neither was his employer or authorized to make employment decisions.  The Court will allow summary judgment on the wrongful termination claim with respect to Murphy and Capizzi.

The parties do, however, dispute the critical issue of whether the alleged justification of the remaining defendants for the termination was legitimate or pretextual. Plaintiff insists that they terminated him based upon his participation in union-related activities. Defendants respond that Ambrosino decided against reappointing plaintiff on the basis of his disciplinary record. The Court will leave the determination of that genuine issue of material fact to the jury.

Accordingly, summary judgment on the wrongful termination claim will be allowed with respect to defendants Murphy and Capizzi but denied with respect to Ambrosino and the City of Revere.

### 4.  Intentional infliction of emotional distress

A plaintiff claiming intentional infliction of emotional distress must show that 1) the defendant intended to cause, or should have known that his conduct would cause, emotional distress, 2) the conduct was extreme and outrageous, 3) the conduct caused the plaintiff distress and 4) the plaintiff suffered severe distress. Sena v. Commonwealth, 417 Mass. 250, 263-64 (1994). Conduct is "extreme and outrageous" if it is "beyond all bounds of decency and [] utterly intolerable in a civilized community." Id. at 264. The conduct must constitute more than "mere insults, threats, or annoyances." Id.

Defendants contend that there are no facts in evidence suggesting that plaintiff suffered "severe" emotional distress. Plaintiff does not address that contention in his pleadings.

Although plaintiff does allege generally that defendants' conduct caused him "substantial pain and suffering" (in the complaint) and "great humiliation and anxiety and . . . great emotional distress" (in his answer to the interrogatories), he does not set forth any specific facts in his pleadings that would create a genuine, triable issue of fact with respect to the severity of his distress.  Accordingly, the Court will allow the motion for summary judgment with respect to the IIED claim.

### 5.  Negligent infliction of emotional distress

To prevail on a claim of negligent infliction of emotional distress, a plaintiff must establish 1) negligence, 2) emotional distress, 3) causation, 4) physical harm manifested by objective symptoms and 5) that a reasonable person would have suffered emotional distress under the same circumstances. Opalenik v. LaBrie, 945 F. Supp. 2d 168, 196 (D. Mass. 2013) (quoting Sullivan v. Boston Gas Co., 605 N.E.2d 805, 807 (Mass. 1993)).

Here, as defendants point out, plaintiff presents no evidence that he suffered physical harm as a result of the emotional distress caused by the alleged misconduct.  He does not dispute defendants' assertion that the lack of objective

manifestation of physical harm is fatal to his claim.  The Court will allow summary judgment to defendants on the NIED claim.

### ORDER

For the foregoing reasons, defendants' motion for summary judgment (Docket No. 95) is, with respect to the claims pursuant to (or for):

1) 42 U.S.C. § 1983 (Count 1), **ALLOWED**;

2) 42 U.S.C. § 1985 (Count 2), **ALLOWED**;

3) wrongful termination (Count 3), **ALLOWED** as to defendants Michael Murphy and Paul Capizzi, but otherwise **DENIED**;

4) intentional infliction of emotional distress (Count 4), **ALLOWED**; and

5) negligent infliction of emotional distress (Count 5), **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 1, 2016